## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAKEIM CESPEDES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-3441** |
| | : | |
| **UPPER MORELAND POLICE DEPT.,** | : | |
| ***et al.,*** | : | |
| **Defendants.** | : | |

### MEMORANDUM

**KENNEY, J.**                                                                    **JULY 17, 2025**

Shakeim Cespedes filed this civil rights and breach of contract action along with an application to proceed *in forma pauperis* naming as Defendants the Upper Moreland Police Department, Thomas Murt, and Craig Thomas Hosay. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

### I.    FACTUAL ALLEGATIONS[1]

Cespedes allegations are brief. He claims his due process rights were violated in Montgomery County on May 27, 2025, citing the federal statute making it a crime to violate a person's civil rights, 18 U.S.C. § 242, and he mentions breach of contract. (Compl. at 3.) He asserts that the Upper Moreland Police Department failed to protect him "by allowing another Entity/Corporation to arrest and detain" him – which appears to be a reference to immigration authorities. (*Id.* at 4-5.) He states that Thomas Murt is a Judge who also failed to protect him

---

[1] The factual allegations are taken from Cespedes's Complaint ("Compl."). (ECF No. 2). The Court adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed. The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

"by not allowing [him] to have access to filing [an] appeal." (*Id*. at 4.)  Cespedes states that he

has suffered mental and physical injury from his "being placed in another facility without

showering for 2 weeks and talked down to by the immigration staff." (*Id*. at 5.)  He also has not

eaten "under dire deportations by the agents playing" with him. (*Id*.)  Although named as a

Defendant in the caption of the Complaint, Cespedes does not state any facts concerning Craig

Thomas Hosay, who appears to be a criminal defense attorney.  Cespedes seeks money damages.

(*Id*. at 5.)  Attached to the Complaint is a state court docket sheet indicating that Cespedes was

charged with a burglary conspiracy and other related offenses.  (*Id*. at 7-9); *see also*

*Commonwealth v. Cespedes*, MJ-38208-CR-0000524-2023 (M.J. Montgomery) and CP-46-CR-

0006008-2023 (C.P. Montgomery).  The record indicates that Cespedes was arrested by the

Upper Moreland Township Police Department and Judge Murt was assigned to the case.

(Compl. at 7.)  Cespedes was found guilty of burglary and theft conspiracy on August 19, 2024,

after a bench trial in the Court of Common Pleas.  *See Cespedes*, CP-46-CR-0006008-2023.

## II.    STANDARD OF REVIEW

The Court grants Cespedes leave to proceed *in forma pauperis* because it appears that he

is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v.*

*Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will

accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Cespedes is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

The Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See*

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of

establishing federal jurisdiction rests with the party asserting its existence.") (citing

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

## III.    DISCUSSION

### A.    Civil Rights Claims

Cespedes asserts constitutional claims.[2]  The vehicle by which federal constitutional

claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a

plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color

of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.    Upper Moreland Police Department

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978),

courts concluded that a police department is a sub-unit of the local government and, as such, is

merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g., Johnson

v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may

be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*;

*see also Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*)

(stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. §

1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d

20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a

---

[2] Cespedes also cites the federal statute that makes it a crime to violate a person's civil rights.  That criminal statute, 18 U.S.C. § 242, does not give rise to a private cause of action.  *See Molina v. City of Lancaster*, 159 F. Supp. 2d 813 (E.D. Pa. 2001) (finding that 18 U.S.C. § 242 does not create a civil cause of action); *see also In re Petery*, No. 25-116, 2025 WL 1202056, at *3 (E.D. Pa. Apr. 25, 2025) (same).  Thus, the claim under § 242 is dismissed with prejudice.

single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *Hadesty v. Rush Twp. Police Dept*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Upper Moreland Police Department is not a proper defendant against which Cespedes may assert § 1983 claims.

### 2.    Claims Against Judge Murt

Cespedes's civil rights claim against Judge Murt is not plausible. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Cespedes alleges that Judge Murt violated his civil rights by not allowing him to file an appeal. Because his claim involves actions taken by Judge Murt in his judicial capacity in an action over which he clearly could exercise jurisdiction, the § 1983 claim is dismissed with prejudice.

### 3.    Attorney Hosay

As noted, Cespedes fails to allege any facts concerning how Defendant Hosay violated his rights.  His claim is not plausible for this reason.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.).  To the extent that he has named Hosay based on his actions as an attorney representing Cespedes, the claim is also not plausible.  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983.").

## B.    Breach of Contract

Cespedes also mentions breach of contract.  Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln, Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)

(internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship. *See, e.g., Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Cespedes does not allege the citizenship of the parties.  Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens.  Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.    CONCLUSION

For the reasons stated, all of Cespedes's federal law claims are dismissed with prejudice and his state law claims are dismissed without prejudice for lack of subject matter jurisdiction. An order dismissing the Complaint will be entered separately.

BY THE COURT:

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, J.**